IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REICO JAMIE COLON, | ) |
| Plaintiff(s), | ) No. C 15-4639 CRB (PR) |
| vs. | ) ORDER OF DISMISSAL WITH |
| JAMES V. McGRAIL, et al., | ) LEAVE TO AMEND |
| Defendant(s). | ) (Dkt. #2 & 5) |

Plaintiff, a former inmate at the Alameda County Jail, Santa Rita Facility, has filed a pro se complaint for damages under 42 U.S.C. § 1983 alleging that on April 10, 2015, Alameda County deputy sheriffs James V. McGrail and Kevin H. Estep used excessive force against him while he was in their custody.

Plaintiff also moves (dkt. #2 & 5) for leave to proceed in forma pauperis under 28 U.S.C. § 1915, which, good cause shown, is GRANTED.

**DISCUSSION**

A.  Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." Id. § 1915A(b). Pro se pleadings must be liberally construed, however. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

1  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

B.  Legal Claims

The Fourth Amendment protects a pre-arraignment detainee from the use of excessive force, Pierce v. Multnomah County, Oregon, 76 F.3d 1032, 1043 (9th Cir. 1996), whereas the Due Process Clause of the Fourteenth Amendment protects a post-arraignment pretrial detainee from the use of excessive force, Graham v. Connor, 490 U.S. 386, 395 n.10 (1989). But to prevail under 42 U.S.C. § 1983 under either constitutional amendment, a detainee must show that the "force purposely or knowingly used against him was objectively unreasonable." Kingsley v. Hendrickson, 135 S. Ct. 2466, 2473 (2015).

Plaintiff's conclusory claim that McGrail and Estep used excessive force against him while he was in the custody of the Alameda County Sheriff's Office will be dismissed with leave to amend to set forth specific facts showing that the force used was objectively unreasonable, if possible. Some of the considerations that may bear on the reasonableness of the force used include the relationship between the need for the use of force and the amount of force used; the extent of the plaintiff's injury; any effort made by the officer to temper or to limit the amount of force; the severity of the security problem at issue; the threat reasonably perceived by the officer; and whether the plaintiff was actively resisting. See id.

## CONCLUSION

For the foregoing reasons, the complaint is dismissed with leave to amend, as indicated above, within 28 days of this order. The pleading must be simple

and concise and must include the caption and civil case number used in this order and the words FIRST AMENDED COMPLAINT on the first page.  Failure to file a proper amended complaint within the designated time will result in the dismissal of this action.

Plaintiff is advised that the amended complaint will supersede the original complaint and all other pleadings.  Claims and defendants not included in the amended complaint will not be considered by the court.  See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).

SO ORDERED.

DATED:  Jan. 6, 2016

CHARLES R. BREYER
United States District Judge

G:\PRO-SE\CRB\CR.15\Colon, R.15-4639.dwlta.wpd

3